UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TAURUS DARNELL GREGORY**                                             **CIVIL ACTION**

**VERSUS**                                                             **NO. 05-343**

**WARDEN JAMES D. MILLER, JR., ET AL.**                                **SECTION "I" (3)**

## REPORT AND RECOMMENDATION

Plaintiff, Taurus Darnell Gregory, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Warden James D. Miller, Jr., Colonel Tommy Brumfield, Lieutenant Ronnie Seal, Sergeant Micah McMurray, and Sergeant Josh Miley. On March 24, 2006, the individual-capacity claim against Colonel Tommy Brumfield was dismissed.[1]

Warden Miller has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56.[2] Plaintiff was ordered to file a memorandum in opposition to that motion on or before April 5, 2006,[3] but he has failed to do so.

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary

---

[1]  Rec. Doc. 21.

[2]  Rec. Doc. 18.

[3]  Rec. Doc. 20.

judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted).  The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001).  There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Summary judgment will be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  Id. at 322-23.

The Court has no duty to search the record for evidence to support a party's opposition to summary judgment.  Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim."  Id.  Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment

evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996). "[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075-76 (5th Cir. 1994) (emphasis deleted) (internal quotation marks omitted).

>Plaintiff makes the following allegation against Miller:

>Defendant James D. Miller, Jr., Warden has been placed on notice of the abusive conduct of defendants Lt. Seal, Sgt. Josh Miley, and Sgt. Micah McMurray by a number of complaints and grievances over many months, but has failed to take disciplinary action against them or otherwise control their behavior.[4]

In the previous report and recommendation issued in this case,[5] the Court found that plaintiff's claim, fairly interpreted, was that Miller was personally aware of a pattern of abuse by defendants Seal, Miley, and McMurray and yet failed to take appropriate action to protect prisoners, including plaintiff, from such continued abuse.

Miller argues that he is entitled to summary judgment on the ground that plaintiff failed to exhaust his administrative remedies with respect to that claim. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[4] Rec. Doc. 1, typed complaint, p. 5, ¶ 29.

[5] Rec. Doc. 14.

exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002).[6]

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added). The Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals has noted that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

If an inmate files in federal court an *in forma pauperis* complaint containing claims that have not been exhausted through available administrative remedies, those claims should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Plaintiff filed this lawsuit *in forma pauperis*.[7]

In his motion, Miller states:

---

[6] Because plaintiff was incarcerated at the Washington Correctional Institute at the time he filed this lawsuit, he remains subject to the exhaustion requirement of § 1997e(a) despite the fact that he has since been released. See, e.g., Cox v. Mayer, 332 F.3d 422 (6th Cir. 2003); Ahmed v. Dragovich, 297 F.3d 201, 210 (3rd Cir. 2002); Dixon v. Page, 291 F.3d 485, 488-89 (7th Cir. 2002); Harris v. Garner, 216 F.3d 970, 978-79 (11th Cir. 2000).

[7] Rec. Doc. 2.

3.

Inmate Gregory has not filed any administrative remedy procedure. To be more specific, Gregory has not filed an ARP regarding this incident NAMING WARDEN MILLER. No such ARP regarding James Miller was attached to the complaint. An examination of the ARP records at Washington Correction [sic] Institute (WCI) reveals that Gregory has never filed an ARP dealing with the allegations in this complaint and against this defendant.

4.

An examination of those ARPs reveal that inmate Gregory failed to exhaust his administrative remedies on the claims he asserts against defendant Warden James Miller in this lawsuit.[8]

If that is true, it seems that it would have been simple enough for defendant to provide evidence in support of its motion to establish that simple fact.[9] Nevertheless, defendant chose not to take that path; rather, he has opted only to assert that plaintiff filed no grievances against Miller. The question, therefore, is whether that minimal effort is sufficient to carry the day in this case. Reluctantly, the undersigned finds that it is.

The United States Supreme Court has held:

[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. ... [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar

---

[8] Rec. Doc. 18, pp. 2-3.

[9] For example, defendant could have provided certified copies of all of plaintiff's prison grievances. He did not. Alternatively, he could simply have provided an affidavit from an appropriate prison official who could state that he had reviewed all of plaintiff's grievances and found none against Warden Miller. Again, he did not. While defendant did go to the trouble to submit an affidavit from Lynn McCloud, that affidavit proves little. The affidavit states only that Miller was not named *in grievance number WCI-2004-575.* However, even if that is accurate, it in no way establishes that grievance number WCI-2004-575 was the *only* grievance ever filed by plaintiff or that Miller was not named in a *different* grievance.

5

materials *negating* the opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, *if any*" (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that the claimants and defendants, respectively, may move for summary judgment "*with or without supporting affidavits*" (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); see also Malacara v. Garber, 353 F.3d 393, 404 (5th Cir. 2003); Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996).

The undersigned finds that the instant motion was sufficient to meet its central purpose, i.e. to point out the absence of evidence regarding a mandatory prerequisite to plaintiff's filing suit and to put him on notice that he needed to point out or submit evidence on that issue. See Malacara, 353 at 404.[10] The motion makes clear that defendant is contending that he is entitled to judgment as a matter of law because plaintiff did not exhaust his administrative remedies with respect to the instant claim. However, plaintiff has not met his burden in opposing the motion to go beyond his pleadings and to demonstrate that a genuine issue of material fact exists concerning the exhaustion issue. In fact, plaintiff has not even bothered to file any opposition at all. Moreover, pursuant to Local Rule

---

[10] The Court notes that a prisoner's initial complaint need only allege, not establish, exhaustion to avoid a *sua sponte* dismissal based on § 1997e(a). Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998) ("Dismissal under § 1997e is made on pleadings without proof. As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal."); see also Days v. Johnson, 322 F.3d 863, 868 (5th Cir. 2003). However, as defendant notes, that jurisprudence in no way prevents the issue from being raised in a motion for summary judgment. See, e.g., Moore v. St. Tammany Parish Jail, 113 Fed. App'x 585, 586 (5th Cir. 2004); Austin v. Ward, 92 Fed. App'x 80, 82 (5th Cir. 2004); Teixeira v. Gregg County Jail, 74 Fed. App'x 388, 389 (5th Cir. 2003); Ortez v. Compton, 31 Fed. App'x 159 (5th Cir. 2001).

56.2, by failing to controvert defendant's "Statement of Undisputed Fact," plaintiff is deemed to have admitted defendant's statement of facts, including the statement that plaintiff filed no grievances against Miller "for any act or failure to act" on or around the time of the incidents giving rise to this lawsuit.[11]

In light of the foregoing, the Court finds that the unopposed motion for summary judgment should be granted on the ground that plaintiff failed to exhaust his administrative remedies with respect to his claim against Miller.[12]

### RECOMMENDATION

It is therefore **RECOMMENDED** that the motion for summary judgment filed by Warden James D. Miller, Jr., be **GRANTED** and that the claim against that defendant be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

---

[11] Local Rule 56.1 provides: "Every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.2 then provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule.

[12] This Report and Recommendation addresses *only* the claim against Miller, in that he alone has sought summary judgment on this issue.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ____15th____ day of May, 2006.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**